UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER M.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C22-5693-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ misevaluated the medical evidence, his testimony, and the lay evidence.[1] Dkt. 11 at 2. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 47 years old, has an 8th-grade education, and worked as a cement mason. Tr. 212, 1418. In September 2017, he applied for benefits, alleging disability as of December 9, 2016. Tr. 190-97. His applications were denied initially and on reconsideration.

---

[1] Plaintiff also argues the ALJ's errors resulted in an incorrect residual functional capacity ("RFC") determination and step-five findings, Dkt. 11 at 17-18; the Court need not address these derivative errors separately.

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

Tr. 118-21, 125-38. The ALJ conducted a hearing in March 2019, Tr. 30-65, and issued a decision finding Plaintiff not disabled. Tr. 15-22.

The Appeals Council denied review, Tr. 1-6, and Plaintiff sought judicial review. The United States District Court for the Western District of Washington granted the parties' stipulation to reverse the ALJ's decision and remand the case for further administrative proceedings. Tr. 1509-10. On remand, a different ALJ held a hearing in April 2022, Tr. 1428-81, and issued a decision finding Plaintiff not disabled. Tr. 1405-20. The Appeals Council did not assume jurisdiction, making the ALJ's April 2022 decision the Commissioner's final decision.

## DISCUSSION

### A.  Plaintiff's Testimony

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The discounted Plaintiff's testimony on the grounds they were not entirely consistent with the objective medical evidence. Tr. 1411-14. However, the ALJ failed to identify any inconsistencies and instead simply summarized the medical records as the evidence he relied upon in determining RFC. *See id*. This type of summary does not constitute the clear and convincing reasons required to discount a claimant's testimony. *See Brown-Hunter v. Colvin,* 806 F.3d 487, 493-94 (9th Cir. 2015) (ALJ failed to provide specific reasons, allowing for meaningful review where "she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination").

Although the Commissioner contends the ALJ properly cited evidence contradicting Plaintiff's allegations, Dkt. 15 at 4-5, no such contrast is evident in the ALJ's discussion. *See* Tr. 1411-14. The Commissioner also contends the ALJ relied on Plaintiff's improvement with

treatment as a basis for discounting his testimony, Dkt. 15 at 4, but the ALJ did not find this explicitly. The ALJ noted Plaintiff reported improvement immediately after a steroid injection in April 2018, but the ALJ then cited evidence showing just a few months later, Plaintiff's pain returned. *See* Tr. 1413. Thus there is no reasonable basis to conclude the ALJ intended to find the short-lived improvement Plaintiff experienced undermined his testimony he suffers from persistent pain.

Because the ALJ failed to provide a legally sufficient reason to discount Plaintiff's allegations, the ALJ erred and must reconsider Plaintiff's testimony on remand.[2]

**B.     Lay Evidence**

The ALJ acknowledged evidence provided by Deloris Strauser, Plaintiff's significant other, and stated he considered it "to the extent that it was consistent with the claimant's subjective complaints." Tr. 1412 (citing Tr. 266, 1655-56). Because the ALJ linked Ms. Strauser's statements to Plaintiff's allegations, and erred in assessing Plaintiff's allegations, the ALJ similarly erred and must also reconsider Ms. Strauser's statements and hearing testimony, Tr. 52-56, on remand.

**C.     Medical Opinion Evidence**

The applicable regulations require the ALJ to articulate the persuasiveness of each medical opinion, specifically regarding whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and

---

[2] Plaintiff requests remand for further proceedings or alternatively, remand for a finding of disability, Dkt. 11 at 18-19. Plaintiff fails to show a finding of disability is appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). Thus, the Court finds remand for further administrative proceedings is appropriate.

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

supportability findings must be supported by substantial evidence. See Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff contends the ALJ misevaluated the following medical opinions.

### 1. Andrew Tsoi, M.D. & Arild Lein, M.D.

Dr. Tsoi examined Plaintiff in November 2017 and completed a DSHS form opinion finding Plaintiff has severe low back pain with radiculopathy on the right that is moderately severe, which is defined as it causes significant workplace limitations. Tr. 477-80. Dr. Tsoi's accompanying examination notes indicate he believed Plaintiff was not physically capable of working "at the moment[,]" and should be found eligible for financial assistance for up to six months. Tr. 482. Dr. Lein, a DSHS non-examining physician, reviewed unspecified evidence from July 2017 and opined in December 2017 that for 12 months, Plaintiff was limited to performing sedentary work with marked restrictions in his ability to perform postural activities and to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances. Tr. 485-87.

The ALJ referred to the opinions of Drs. Tsoi and Lein collectively as the opinions of Dr. Tsoi, and found them persuasive because they were supported by Plaintiff's diagnoses and generally consistent with Plaintiff's treatment records. Tr. 1415-15. The ALJ noted although the "moderate" and "marked" ratings are "too vague for inclusion in the [RFC assessment], the undersigned is persuaded [that] the claimant [is] limited to sedentary work." Tr. 1415.

Plaintiff contends, Dkt. 11 at 3, the ALJ erred in purporting to find the opinions of Drs. Tsoi and Lein well-supported and consistent with the record and therefore persuasive, and yet failing to include any limitations in the RFC assessment that account for the marked postural and schedule/attendance/punctuality limitations on vagueness grounds. Dr. Tsoi's opinion is indeed

ORDER REVERSING THE COMMISSIONER'S DECISION - 4

vague as to which functional areas were moderately limited by Plaintiff's condition, Tr. 477, but Dr. Lein identified marked limitations in specific functional areas: postural activities and the ability to maintain a schedule, attendance, and punctuality. *See* Tr. 485. The ALJ's finding of vagueness is thus not reasonable with respect to Dr. Lein's opinion. Accordingly, on remand, the ALJ shall reconsider the opinions of Drs. Tsoi and Lein and separately assess the persuasiveness of each opinion.

    2.     **Ellen Martin, ARNP**

Ms. Martin, Plaintiff's treating nurse, completed a form opinion in October 2018 describing Plaintiff's workplace limitations for purposes of his worker's compensation claim. Tr. 577. Ms. Martin opined Plaintiff was unable to work until at least April 2019 and identified many specific functional limitations in Plaintiff's ability to *inter alia* sit, reach, stand, walk, and lift. *Id*.

The ALJ found Ms. Martin's opinion unpersuasive, noting it was supported by Plaintiff's inability to bend as well as his inability to sit for more than 10 minutes, and by his decreased range of motion and pain with ambulation. Tr. 1416. The ALJ found the opinion was inconsistent with the record, however, which showed Plaintiff had decreased cervical range of motion, tenderness with deep palpation, decreased sensation in his legs, spinal tenderness, and positive straight leg raising, but also indicated that at other times, Plaintiff had normal strength, tone, and sensation in his arms, no trigger points in the spine, and normal walking. *Id*. The ALJ also found Ms. Martin's opinion inconsistent with an independent medical evaluation finding no cervical or lumbar radiculopathy or stenosis.  Tr. 1416-17.

The ALJ's supportability and consistency findings are unclear and appear to be internally inconsistent with the ALJ's decision as a whole. The ALJ found Ms. Martin's opinion to be

supported by Plaintiff's inability to bend as well as his inability to sit for more than 10 minutes, and also supported by his decreased range of motion and pain with ambulation, Tr. 1416, but the ALJ did not find Plaintiff to be so limited. The ALJ found Plaintiff could perform sedentary work, which would be inconsistent with an inability to sit for more than 10 minutes. The ALJ thus found Ms. Martin's opinion to be supported by evidence he rejected, which is internally inconsistent, that was not resolved.

Moreover, the ALJ referenced evidence supporting Ms. Martin's opinion in his summary of the evidence that is purportedly inconsistent with Ms. Martin's opinion. *See* Tr. 1416-17. As the ALJ himself acknowledged, Plaintiff demonstrated decreased range of motion, tenderness with palpation, decreased sensation, and positive straight leg raising. *See id*. And although the ALJ referenced an independent medical evaluation as inconsistent with Ms. Martin's opinion, the ALJ found that independent medical evaluation to be unpersuasive because it was inconsistent with treatment records showing that Plaintiff had tenderness and decreased range of motion of the cervical and lumbar spine and a slow and antalgic gait. *See* Tr. 1417.

Because the ALJ's supportability and consistency findings with respect to Ms. Martin's opinion create internal inconsistencies within the ALJ's decision and analysis and are not supported by substantial evidence, the ALJ must reconsider the persuasiveness of Ms. Martin's opinion on remand.

### 3. James Garrity, D.O.

The ALJ found persuasive Dr. Garrity's opinion Plaintiff is limited to sedentary work. Tr. 1415 (citing Tr. 714-23). Plaintiff suggests the ALJ erred in failing to acknowledge Dr. Garrity's findings are consistent with Plaintiff's testimony. *See* Dkt. 11 at 5. As noted *supra*, however, the ALJ must reconsider Plaintiff's testimony on remand. Plaintiff has not identified

any particular error in the ALJ's assessment of Dr. Garrity's opinion that warrants reconsideration on remand.

### 4. Mario Alinea, M.D.

Dr. Alinea indicated in December 2021 Plaintiff had carpal tunnel syndrome and suggested additional testing to confirm this. Tr. 1974-75. The doctor noted Plaintiff was not currently working and opined (for purposes of Plaintiff's worker's compensation claim) this condition was work-related but indicated there were "[n]o limitations for this claim for now." *Id*.

The ALJ found persuasive Dr. Alinea's opinion Plaintiff's carpal tunnel syndrome resulted in no limitations. Tr. 1415. The ALJ found although Dr. Alinea's conclusion was not fully supported by examination findings, which show positive Tinel's and Phalen's testing and decreased grip strength, it was consistent with evidence showing "moderate median entrapment neuropathy at the wrists with abnormalities on sensory nerve testing on both hands, but no evidence for localized ulnar neuropathy[.]" Tr. 1415.

The ALJ's consistency and supportability findings are confusing and create internal inconsistencies. The ALJ found Dr. Alinea's opinion was not fully supported in light of evidence (decreased grip strength and abnormal test results) that would suggest that Plaintiff does have limitations related to carpal tunnel syndrome and found the opinion consistent with evidence of neuropathy and sensory abnormalities. Tr. 1415. The ALJ's findings do not explain why Dr. Alinea's opinion is persuasive; instead, they undermine the probative value of Dr. Alinea's opinion. On remand, the ALJ shall reconsider the persuasiveness of Dr. Alinea's opinion.

### 5. Miscellaneous Medical Evidence

Plaintiff's opening contains a lengthy summary of various medical findings he contends the ALJ should have discussed. Dkt. 11 at 6-14. Plaintiff fails to tether these findings to any particular part of the ALJ's decision. The Court accordingly rejects this conclusory approach

## CONCLUSION

For the foregoing reasons, the Court finds the ALJ harmfully erred. The Court finds the ALJ's errors do not compel an award of benefits. There are numerous opinions and other evidence that must be reevaluated, and this is a task the Commissioner should undertake, not the Court. Further administrative proceedings are thus necessary and appropriate.

The Court accordingly ORDERS:  The Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the testimony of Plaintiff and the lay witnesses; reassess the opinions of Drs. Tsoi and Lein, Ms. Martin, and Dr. Alinea, and develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 22nd day of May, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge